**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 5:02-CR-22(1) |
| | § | |
| EDWARD HASKIN YOUNG | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On August 1, 2012, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Jim Middleton. Defendant was represented by Jeff Harrelson.

Edward Haskin Young ("Defendant") was sentenced on July 31, 2003, before The Honorable David Folsom of the Eastern District of Texas after pleading guilty of the offense of Distribution of Cocaine Base, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of II, was 121-151 months. The Court found that the seriousness of Defendant's prior criminal conduct was overstated and departed from the recommended guideline range. After departure, the guideline imprisonment range, based on an offense level of 29 and a criminal history category of I, was 87 to 108 months.

Defendant was subsequently sentenced to 87 months imprisonment followed by a five-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; mandatory drug testing; substance abuse aftercare; and a $100 special assessment. On April 9, 2008, a motion filed by Defendant for a sentence reduction pursuant to 18 U.S.C. §3582(c)(2) was granted. An Amended Judgment of Conviction was entered, reducing the

sentence from 87 months to 70 months, with the five-year term of supervised release to follow. On April 18, 2008, Defendant completed his period of imprisonment and began service of his supervision term.

On July 17, 2009, Defendant's initial period of supervised release term was revoked based on illicit drug use and failure to notify the probation officer or an arrest, and he was sentenced to 8 months imprisonment followed by a 2-year term of supervised release subject to the previous conditions of supervision. On February 9, 2010, Defendant completed the revocation period of imprisonment and began service of the current supervision term.

In its petition to revoke, the Government alleges Defendant violated the following conditions:

1) **Defendant shall not commit another federal, state, or local crime**. Specifically, the Government alleges on September 29, 2011, Defendant was arrested by the Texarkana Police Department for possession of a controlled substance with intent to distribute-methamphetamine, and for possession of drug paraphernalia. Defendant was released from jail on October 3, 2011 after posting a $20,000 bond. At the time of the filing of the petition, the charges were pending in Miller County Circuit Court.

2) **Defendant shall not commit another federal, state, or local crime**. Specifically, the Government alleges on September 14, 2011, Defendant was indicted by the United States Grand Jury in the Western District of Arkansas under docket number 4:11CR-40037-HFB. Defendant was charged with Conspiracy to Distribute Cocaine Base, Distribution of More than 5 Grams of Actual Methamphetamine, and 2 counts of Distribution of Methamphetamine. Defendant was arrested for the above-noted charges on October 18, 2011. At the time of the filing of the petition, all charges were pending. Defendant was being held at the Bi-State Jail in Texarkana, Texas.

3) **Defendant shall not illegally possess a controlled substance.** Specifically, the Government alleges as evidenced by his arrest on September 29, 2011, Defendant was in possession of methamphetamine.

4) **Defendant shall not illegally possess a controlled substance.** Specifically, the Government alleges as evidenced by the information contained in Counts 41, 42, and 65 of the indictment filed in the Western District of Arkansas on September 14, 2011, Defendant was in possession of a controlled substance, namely methamphetamine, on at least three (3) occasions.

5) **Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.** Specifically, the Government alleges as evidenced by the information contained in Count 1 of the indictment filed in the Western District of Arkansas on September 14, 2011, Defendant conspired with at least 65 individuals to violate a law of the United States of America, to wit, Title 21 U.S.C. § 841(a) and 841(B)(1)(A)(iii).

The Court scheduled a revocation hearing August 1, 2012. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to the second allegation. The Government dismissed the remaining allegations. Based upon Defendant's plea of true to the second allegation, the Court found Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The Court thereafter recommended that the term of supervised release be revoked and the sentence, which was not agreed upon by the parties, be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is recommended that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of sixteen (16) months, to run consecutively to the

sentence imposed in the Western District of Arkansas Case No. 4:11CR-40037-HFB, with no term of supervised release to follow said term of imprisonment. Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the second allegation be **ACCEPTED**. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of sixteen (16) months, to run consecutively to the sentence imposed in the Western District of Arkansas Case No.4:11CR-40037-HFB, with no term of supervised release to follow said term of imprisonment.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections. Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

**SIGNED this 1st day of August, 2012.**

_Caroline M. Craven_
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE